Rotíin, Chief Justice,
 

 having stated the case as above,
 
 *149
 
 proceeded: The litigation begun by the plaintiff at this late day, must, we think, under the circumstances of this case, be fruitless to her. The Court is satisfied that the plaintiff received through her guardian, and in the payment from him after she came of full age, her share of her father’s personal estate, inclusive of the price of the slave. If shé knew the fact at the time, the acceptance of the price was an election to abide by the sale, as being more beneficial to her, and amounts to a confirmation' of it. Such the answer avers to be the truth. It is true there is no precise proof to the points that the plaintiff was fully informed of all the facts, or knew that she had a right to treat the- sale as void and claim the slaves specifically. But such proof is not now to be expected. The remote periods at which the events occurred, and the deaths of the principal parties to the transactions, render it impossible to ascertain the actual facts, whatever they may have been. The cause must therefore be decided upon such reasonable and legal presumptions as arise from the conduct of the parties. They remove every doubt as to what the decision ought to be, and if express confirmation be not established, yet acquiescence in what was done for fifty-five years after the transaction, and more than forty after the plaintiff could act for herself, ought to have the same effect. Such laches must deprive a party-of all right to open what was apparently closed so long ago, whatever might be the subject of the transaction. But it is peculiarly proper in reference rto the case before us. One ought not to stand by and see another raising slaves at great expense of money, and taking the risk of their lives, without saying any thing, until in the event there is a numerous progeny and a good profit, and then claim the privilege of returning the money and taking a share in the slaves. Had the negroes died, the plaintiff would willingly have kept the money. Having given no intimation to the contrary for half a century, she must retain the position she then took. Her laches deprives her of the right to invoke the aid of the Court for the correction of what she has so long acquiesced in, and what cannot be corrected without serious loss and gross injustice to the opposite party.
 

 There is an attempt to account for and excuse the de
 
 *150
 
 lay by the poverty and distress of the plaintiff since her widowhood. But it entirely fails. To say nothing of her being °f age three years before her marriage, and of the effect'upon this question of the power and absolute right of the husband to sue for, receive, or release a personal legacy or distributive share belonging to his wife, the proof of the distressed circumstances is unsatisfactory. It does not make out a case of such destitution as marks that to have been a real difficulty in the party’s way, and the true cause of the delay. The circumstances of the plaintiff were straitened ; but she had dower in a fertile tract of land, on which she brought up a large family of children. But had it been otherwise, it would not have altered the result. It might have accounted for the plaintiff’s not bringing suit, but it not be a reason whv she made no demand, nor made . - . . known her claim either to those agamst whom it was, or to any other person. It does not appear that the plaintiff or ber hns^and ever uttered one word of intimation to any person whatever of dissatisfaction with the settlement made by her, or of any interest in, or claim to the negroes up to the moment of filing the bill. Poverty may restrain one from eoincr to law, but it rather increases the disposition to com-_ . . . . „ , , - of injustice, especially at the hands or relations, trom whom it is to be least expected. Total silence for so long a dme, admits of but one explanation -that it grew out of ’ . 1 ° . the party’s assent at the tune or a subsequent approbation. must be dismissed with costs.
 

 The ty of a party may suit^but il cannot why he demand0 nor made known claim against°Se whom it was, or to any other person.
 

 Pee Cuexam. Bill dismissed.